**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**CIVIL ACTION NO. 06-10-JBC**

**RENE COLEMAN,**                                                           **PLAINTIFF,**

**V.**             **MEMORANDUM OPINION AND ORDER**

**SONODA ENGINEERING, LTD., ET AL.,**                   **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55 and for a hearing on damages (DE 14). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion.

The plaintiff, Rene Coleman, filed this action on October 24, 2005, in Madison Circuit Court against several defendants based in Japan. The plaintiff's amended complaint sought relief against Sonoda Kikai KK a/k/a Sonoda Engineering, Ltd. and/or Sonoda Machine Co., Ltd. ("Sonoda"), Sumikin Bussan Corporation ("SBC"), Sumikin Bussan Matex Corporation ("SBM"), and Sumikin Bussan Techno-Sales Co., Ltd. Subsequent documents filed by the defendants indicate that Sumikin Bussan Techno-Sales Co., Ltd. does not exist as a separate entity, as it has been merged into SBM. On January 13, 2006, SBC and SBM removed this action to this court and filed their answers to the plaintiff's amended complaint. At this point, Sonoda has yet to file an answer or any other pleading.

Fed. R. Civ. P. 55 provides that a court may enter a default judgment when

"a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure]." Judgment by default is a drastic step which should be resorted to only in the most extreme cases. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). In order to obtain a default judgment, a plaintiff must properly serve a defendant with a copy of the summons and complaint in accordance with the Federal Rules of Civil Procedure and applicable state rules. *Rankel v. Town of Greenburgh*, 117 F.R.D. 50, 53 (S.D.N.Y. 1987); *see also In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."); *Guess ?, Inc. v. Chang*, 163 F.R.D. 505, 508 (N.D. Ill. 1995). In turn, Fed. R. Civ. P. 4(a) requires that a summons "be signed by the clerk, bear the seal of the court, identify the court and the parties, [and] be directed to the defendant . . . ." A summons must also be served together with a copy of the complaint. *Id.* at 4(c).

      The plaintiff alleges that service was made on Sonoda Kikai KK, a/k/a Sonoda Engineering, Ltd., on December 14, 2005; that service was made on Sonoda Machine Co., Ltd., on December 17, 2005; that service was made on Sonoda Kikai KK on February 28, 2006; and that service was made on Sonoda Engineering Co., Ltd., on July 7, 2006. The plaintiff further asserts that she has received no responsive pleadings from Sonoda and that she is therefore entitled to a default

judgment.

The court disagrees with the plaintiff. First, the plaintiff's repeated attempts to serve process on Sonoda under a variety of names suggests that she is uncertain as to the exact identity of this defendant. Second, Coleman has indicated that, when she first attempted to serve process on Sonoda, she was unable to do so because "service was sent to the incorrect address." DE 10, at 3. Thus, despite the plaintiff's assurances that she has properly served Sonoda, the court is unconvinced that she has, in fact, done so. Most importantly, based on the service-of-process documents submitted by the plaintiff, she has attempted to serve Sonoda each time with a summons from Madison Circuit Court and a copy of the Madison Circuit Court complaint. Despite the fact that SBC and SBM removed this action to this court on January 13, 2006, there is no indication in the record that Sonoda has ever been served with a summons signed by the Clerk of this court, bearing the seal of this court, or identifying that the case is before this court. *See* Fed. R. Civ. P. 4(a). As a result, the plaintiff's attempts to serve process following removal are invalid. While the plaintiff claims that service was made on Sonoda in December of 2005, when this case was still in Madison Circuit Court, she has already indicated that the documents mailed then were sent to the incorrect address. Not only does it appear that the plaintiff has failed to properly serve Sonoda, this defendant may not even be aware that there is a cause of action pending against it in this court. Under these circumstances, the court cannot grant

3

the plaintiff's request for a default judgment.

Because the plaintiff's motion for a default judgment will be denied, a hearing on damages is unnecessary, and the court will deny the plaintiff's motion for such hearing as well.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for a default judgment pursuant to Fed. R. Civ. P. 55 and for a hearing on damages (DE 14) is **DENIED**.

Signed on October 25, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY